UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| RHONDA FLEMING, | Case No. 19-CV-2713-SRN-KMM |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| UNITED STATES DEPARTMENT OF JUSTICE; DIRECTOR OF THE BUREAU OF PRISONS; ANGELA DUNBAR, BOP Regional Director; WARDEN FREDRICK ENTZEL; CAPTAIN SHANNON BAUSERMAN; LIEUTENANT KUHN; NURSE SINES; EIGHT UNKNOWN BOP CORRECTIONAL OFFICERS – HAZELTON; FRIEND; JEREMY SPARKS, Unit Counselor; TOMPKINS, Hazelton Administrator; CARSWELL, Captain of FMC; THREE UNKNOWN BOP CORRECTIONAL OFFICERS – CARSWELL; LIEUTENANT RIEHM, Waseca; SIX UNKNOWN BOP CORRECTIONAL OFFICERS – WASECA; and HEALTH SERVICES ADMINISTRATOR, all in their official and individual capacities, | |
| Defendants. | |

---

Plaintiff Rhonda Fleming, a federal prisoner, filed this action in the United States District Court for the District of Columbia alleging constitutional violations at the hands of prison officials at three separate facilities: the Federal Correctional

1

Institution at Waseca, Minnesota ("FCI-Waseca"); the Federal Correctional Institution at Hazelton, West Virginia ("FCI-Hazelton"); and the Federal Medical Center at Carswell, Texas ("FMC-Carswell"). The D.C. court "struck" Ms. Fleming's class-action allegations — as a pro se litigant, Ms. Fleming is unable to seek relief on behalf of a class — and transferred the matter to this District, one of at least three judicial districts in which the events and occurrences at issue in this litigation could be said to have occurred. *See* ECF Nos. 15 & 40.

Unfortunately, this litigation landed in the District of Minnesota with several pressing procedural questions left unresolved. Among them are the following:

First, Ms. Fleming applied for and received *in forma pauperis* ("IFP") status in Washington D.C., but the defendants moved to revoke that status on the grounds that Ms. Fleming had previously received three or more strikes pursuant to 28 U.S.C. § 1915(g). The D.C. court left the IFP question for this Court to decide.

Second, the events and occurrences at issue took place across three separate districts. To what extent is this District an appropriate venue for each of those claims?

Third, by all appearances, no review was conducted of the complaint pursuant to 28 U.S.C. § 1915A. To what extent can Ms. Fleming's claims survive such review?

As explained below, this Court concludes that (1) certain of Ms. Fleming's claims do not survive review under § 1915A; (2) the remaining defendants have been misjoined in this proceeding; and (3) Ms. Fleming is not eligible for IFP status with

respect to the claims that are properly raised in this venue. Accordingly, this Court will recommend that all claims except for those brought against defendant Lieutenant Riehm and the six John Doe correctional officers at FCI-Waseca be dismissed without prejudice, that Ms. Fleming's IFP status be revoked, and that Ms. Fleming be ordered to pay the $400 filing fee for this action should she elect to proceed.

## I.  ALLEGATIONS

Ms. Fleming has been incarcerated at federal facilities since 2005. *See* Compl. ¶ 9 [ECF No. 1]. This action concerns three instances of abuse that Ms. Fleming alleges she has suffered while in prison.

First, Ms. Fleming alleges that in 2015, while incarcerated at FCI-Waseca, she was sexually assaulted by defendant Riehm and six other officers of the Federal Bureau of Prisons ("BOP"). *See* Compl. ¶ 10. On that occasion, Ms. Fleming had refused to undergo a medical exam, and the nurse on call at the time confirmed that she was under no obligation to undergo an exam. *Id.* Despite this, Mr. Riehm and the other officers "entered the cell, restrained Plaintiff Fleming, stripped all of her clothing off of her, then proceeded to take her to the medical department." *Id.* Ms. Fleming believes this to have been a violation of her constitutional rights. *Id.*

Second, in 2017, Ms. Fleming was placed in the mental-health wing of FMC-Carswell while undergoing a hunger strike. *See* Compl. ¶ 11. Ms. Fleming alleges that, while there, correctional officers would watch her and other inmates while using the toilet or otherwise in a state of undress. *Id.* Again, Ms. Fleming regards this as a

violation of her constitutional rights; she also refers to the Federal Tort Claim Act ("FTCA") as part of this claim.

Third, the bulk of Ms. Fleming's allegations concern behavior at FCI-Hazelton, where she was incarcerated when she commenced this action. While at that facility, "Defendants Entzel, Bauserman, Kuhn, Sines, and Eight Unknown BOP Correctional Officers, sexually assaulted Plaintiff Fleming by stripping her of all her clothing, prying her legs apart, and probing in her private areas, genitals, as the Plaintiff screamed for them to stop molesting her." Compl. ¶ 12. Ms. Fleming also alleges that she was beaten after the incident and told that the assault was committed in retaliation for prior litigation she had filed. *Id.* Finally, Ms. Fleming alleges that the conditions of her confinement in the special housing unit of FCI-Hazelton were constitutionally deficient, as they lacked in basic hygienic products, were unclean, and set to an inappropriately low temperature with inadequate protection from the cold. *See* Compl. ¶ 14. Ms. Fleming alleges that she raised these issues with defendant Angela Dunbar, a BOP regional director, but was told, "My employees have done nothing wrong." Compl. ¶ 15.

Based on these allegations, Ms. Fleming brings claims of constitutional violations under *Bivens*,[1] state-law claims pursuant to West Virginia law, and claims under the FTCA against the defendants.

---

[1] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

II.  ANALYSIS

Ms. Fleming previously sought and received IFP status in pursuing this action before the matter was transferred to this District.  Her eligibility for IFP status, however, has been called into question by the defendants, who point out that Ms. Fleming has previously incurred three or more strikes under § 1915(g).  Determining Ms. Fleming's eligibility for IFP status requires answering several ancillary questions about the viability of the pleading.  As explained below, many of the claims raised in this action cannot be brought in the District of Minnesota, either because the claims are simply not viable, or because the defendants related to those claims have been inappropriately joined to this action.  The sole remaining claim — that related to the 2015 incident at FCI-Waseca — is one for which Ms. Fleming is not eligible for IFP status and was not eligible at the time she brought the action.

*A.  § 1915A*

Under § 1915A(a), "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28

U.S.C. § 1915A(b). Ms. Fleming's pleading remains eligible for review under § 1915A.[2]

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Two of Ms. Fleming's claims are inadequately pleaded. First, Ms. Fleming seeks relief under the FTCA, 28 U.S.C. § 1346. The appropriate defendant to an FTCA action is the United States government itself, not an agency, officer, or employee of the United States government. *See Duncan v. Dep't of Labor*, 313 F.3d 445, 447 (8th Cir. 2002) (per curiam) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 476-77 (1994)).

---

[2] *See also* 28 U.S.C. § 1915(e)(2)(B), which permits review of an action filed by an IFP litigant "at any time" if the Court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted.

Ms. Fleming did not name the United States government as a defendant to this action in her pleading.

Ms. Fleming *has*, however, moved to "substitute" the United States government as a party to this action. *See* ECF No. 55. But the absence from the pleading of the United States as a defendant is not the only problem with Ms. Fleming's FTCA claim. Ms. Fleming primarily seeks relief for violations of her constitutional rights. But "constitutional tort claims are not cognizable under the FTCA." *Washington v. Drug Enforcement Admin.*, 183 F.3d 868, 874 (8th Cir. 1999). The only non-constitutional claims brought by Ms. Fleming relate to the allegations raised against the correctional officers at FCI-Hazelton and FMC-Carswell and arise under state law. *See* Compl. ¶ 33. This District, however, is not an appropriate venue for claims under the FTCA related to the events and occurrences at those facilities. *See* 28 U.S.C. § 1402(b) ("Any civil action on a tort claim against the United States under subsection (b) of section 1346 of this title may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred."). Ms. Fleming thus cannot proceed with FTCA claims in this litigation.

Second, Ms. Fleming brings claims under *Bivens* against the defendants in both their individual capacities and their official capacities as agents of the United States. The capacity pleading convention arises from cases brought under 42 U.S.C. § 1983 for alleged constitutional violations by state actors. Claims against defendants in their individual capacities are brought against the officers or employees themselves

7

personally, while the true party at interest to an official-capacity claim is the governmental entity of which the officer or employee is an agent. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Monetary relief is unavailable from state entities, but plaintiffs may seek injunctive relief from state agents in their official capacities under the doctrine set out in *Ex parte Young*, 209 U.S. 123 (1908). Hence state defendants are often named to § 1983 litigation in both their individual and official capacities. *See Hill v. Anderson*, No. 06-CV-4497 (PJS/JJG), 2008 WL 319898, at *2 (D. Minn. Feb. 5, 2008) ("It is for this reason — because there may be legal relief against a person in an individual capacity, and equitable relief against a person in an official capacity — that specification of capacity becomes important."). The effect of federal sovereign immunity, however, is that "there is never a *Bivens* claim against a government employee in an official capacity." *Id.* at *3; *accord Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007).

Accordingly, Ms. Fleming's FTCA claim and her claims brought against the defendants in their official capacities must be dismissed. Because her motion to substitute the United States government as a party to this litigation is futile, it is recommended that the motion be denied.

### B. Rule 20

What remains of the complaint, then, is four discrete groups of claims: a first group related to the 2015 incident at FCI-Waseca, a second group related to the 2017 events at FMC-Carswell; a third group related to the 2018 events at FCI-Hazelton;

8

and a claim of deliberate indifference brought against defendant Angela Dunbar. These claims cannot be brought in a single action.

> Persons . . . may be joined in one action as defendants if:
>
> > (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> > (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Ms. Fleming strives mightily to tie her allegations together in such a way that her claims could be said to "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." *Id.* Each of the events at issue in this litigation, Ms. Fleming maintains, relate to the BOP's failure to adequately protect female inmates and the agency's lack of desire to enforce its rules against recalcitrant correctional officers.

There is some force to Ms. Fleming's argument that the events at issue at FMC-Carswell and FCI-Hazelton, as she alleged them to occurred, can be tied to a broader pattern of misconduct by BOP officials and may perhaps therefore be litigated in the same action under Rule 20. The argument is less compelling, however, with respect to the claims related to FCI-Waseca. Unlike the allegations concerning FMC-Carswell and FCI-Hazelton, Ms. Fleming's allegations regarding FCI-Waseca concern only a single incident, not a pattern of unlawfulness within the facility.

9

Moreover, that incident occurred at least two years before each of the other events at issue in this litigation. There is simply very little connection between the FCI-Waseca claims and the remaining claims brought by Ms. Fleming. Those claims should not have been brought within the same lawsuit. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("The district court did not question George's decision to join 24 defendants, and approximately 50 distinct claims, in a single suit. It should have done so.").

"On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Severance of this matter into separate actions would serve little purpose here; this District would be an inappropriate venue for any actions unrelated to the FCI-Waseca claims, *see* 28 U.S.C. § 1391(b), and Ms. Fleming has already brought litigation (which is still proceeding through the federal courts) related to some of the claims raised in the complaint, *see Fleming v. United States*, No. 7:18-CV-0004 (N.D. Tex.). This Court therefore recommends that all litigants except Lieutenant Riehm and the six John Doe correctional officers employed at FCI-Waseca be dropped from this litigation pursuant to Rules 20 and 21.

### C. IFP Status

All that remains is to determine whether Fleming is eligible for IFP status in this proceeding. This Court concludes that she is not.

A person unable to pay the filing fees for a civil action in federal court may apply for IFP status. See 28 U.S.C. § 1915. That said, restrictions are placed on prisoners who seek IFP status. For example, prisoners granted IFP status are not entitled to a full waiver of the filing fee, but instead are merely permitted to pay that filing fee in installments over time. See 28 U.S.C. § 1915(b). In addition,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Fleming, beyond peradventure, has incurred more than the necessary number of "strikes" to run afoul of § 1915(g). *See, e.g.*, *Fleming v. Riehm*, No. 16-CV-3116 (PJS/SER), 2016 WL 7177605, at *1 (D. Minn. Dec. 9, 2016) ("Since being incarcerated, Fleming has devoted a good part of her time to filing frivolous lawsuits."); *Fleming v. Medicare Freedom of Information Group*, No. 1:15-CV-1135 (EGS/GMH), 2018 WL 3549791, at *3 (D.D.C. July 24, 2018) (finding Ms. Fleming ineligible for IFP status). Somewhat trickier is whether Ms. Fleming adequately alleged that she was "under imminent danger of serious physical injury" at the time she filed this action. 28 U.S.C. § 1915(g). Among the claims raised in the complaint is that Ms. Fleming was housed in conditions that fell below the constitutional standard

while incarcerated at FCI-Hazelton. She also claimed to fear for her safety from sexual misconduct while at that facility.

But as just explained, those claims should not have been brought in the same action as the claims related to the events at FCI-Waseca. The FCI-Waseca claims should have been brought in a separate, standalone action. Further, at the time this action was filed, Ms. Fleming had no reason to believe that she was under imminent danger of serious physical injury due to the actions of the FCI-Waseca defendants; she had long before been transferred from that facility. A litigant cannot smuggle a lawsuit barred by the three-strikes rule into federal court merely by adding misjoined claims or defendants.

Finally, it is not enough that a litigant seeking IFP status plead that she is in danger in a generalized sense. Instead, the plaintiff must tie that danger to the claims and defendants properly named in the pleading. *See Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009) ("[T]he complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts . . . ."); *accord Fleming*, 2016 WL 7177605, at *2 (D. Minn. Dec. 9, 2016). Any physical danger presented by the remaining defendants passed before Ms. Fleming had brought this litigation. She is therefore ineligible for IFP status.

This Court therefore recommends as follows. All defendants save Lieutenant Riehm and the six John Doe correctional officers employed at FCI-Waseca should be dismissed without prejudice from this action, either due to failure to state a claim on

12

which relief may be granted, sovereign immunity, or misjoinder. Ms. Fleming's motion to substitute the United States as a defendant to this action should be denied as futile. Ms. Fleming should be permitted to proceed with her claims against the remaining defendants, but only if she elects to proceed as a non-IFP litigation and pays the $400.00 filing fee within the objection period to this litigation. Should Ms. Fleming fail to pay the filing fee for this litigation within the objection period, the remainder of the action should be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Plaintiff Rhonda Fleming's motion to substitute party [ECF No. 55] be DENIED.

2. All defendants except Lieutenant Riehm and Six Unknown BOP Correctional Officers – Waseca, in their individual capacities, be DISMISSED WITHOUT PREJUDICE from this action.

3. This action be DISMISSED WITHOUT PREJUDICE should Ms. Fleming fail to pay the required $400 filing fee within the objection period to this Recommendation.

Date: February 5, 2020

*s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).