# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Rhonda Fleming,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>United States Department of Justice, et al.,<br><br>　　　　　Defendants. | Case No. 0:19-cv-2713-SRN-KMM<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Rhonda Fleming, Reg. No. 20446-009, FCI-Tallahassee, P.O. Box 5000, Tallahassee, FL 32314, Pro Se.

Gregory G. Brooker, United States Attorney's Office, 300 S. 4th St., Ste. 600, Minneapolis, MN 55415, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Rhonda Fleming's "Response to the Report & Recommendation," [Doc. No. 66], which the Court construes as her Objections to the Report and Recommendation ("R&R" [Doc. No. 58]) of Magistrate Judge Kate M. Menendez, dated February 5, 2020. In the R&R, Magistrate Judge Menendez recommended that Plaintiff's Motion to Substitute a Party [Doc. No. 55] be denied, that all Defendants except Lieutenant Riehm and Six Unknown BOP Correctional Officers-Waseca, in their individual capacities, be dismissed without prejudice from this action, and that the action be dismissed without prejudice should Plaintiff fail to pay the required $400

filing fee within the objection period to the R&R. For the reasons set forth below, the Court overrules Plaintiff's Objections and adopts the R&R.

## I. BACKGROUND

Plaintiff is a federal prisoner,[1] who initially filed this civil rights action in the United States District Court for the District of Columbia, ("the D.C. court"), asserting constitutional violations that she alleges occurred at three facilities: the Federal Correctional Institution at Waseca, Minnesota ("FCI-Waseca"), the Federal Correctional Institution at Hazelton, West Virginia ("FCI-Hazelton"), and the Federal Medical Center at Carswell, Texas ("FCI-Carswell"). (*See* R&R at 1–2.) Because Plaintiff is self-represented, class-action allegations that were originally in her pleading were stricken by the D.C. court, which also transferred the matter to this District, as it is one of the three judicial districts in which the events in question are alleged to have occurred. (*See* D.D.C. June 24, 2019 Order [Doc. No. 15]; D.D.C. Sept. 20, 2019 Order [Doc. No. 40].)

When the case was venued in the District of Columbia, Plaintiff applied for, and initially received, *in forma pauperis* ("IFP") status. (R&R at 2.) Defendants moved to revoke that status, arguing that because Fleming had received three or more "strikes" based on prior litigation, under 28 U.S.C. § 1915(g), she was not entitled to IFP status. (*Id.*) The

---

[1] Plaintiff has been described as the "central figure" in a Medicare and Medicaid fraud scheme that occurred in Texas in the 2000s. *United States v. Arthur*, 432 Fed. App'x 414, 416–17 (5th Cir. 2011) (affirming convictions). In 2009, she was convicted on charges of health care fraud, wire fraud, as well as conspiracy to commit those crimes, and numerous charges of money laundering. *Id.* The court sentenced her to a term of 360 months. *Id.*

D.C. court declined to address the issue, leaving it for this Court—the transferee court—to decide. (R&R at 2.)

In the R&R, Magistrate Judge Menendez observed that this case presents several procedural questions that require prompt resolution. (R&R at 2.) She reviewed the Complaint pursuant to 28 U.S.C. § 1915A and found that: (1) two of Fleming's claims were inadequately pleaded; (2) her FTCA claim and claims against Defendants in their individual capacities were subject to dismissal; (3) her motion to substitute the United States government as a party would be futile; (4) pursuant to Fed. R. Civ. P. 20, Fleming's claims concerning events at FCI-Waseca should not be litigated in the same action as claims concerning events at FMC-Carswell and FCI-Hazelton; (5) all litigants except Lieutenant Riehm and six John Doe correctional officers employed at FCI-Waseca, in their individual capacities, should be dismissed without prejudice; and (6) because Plaintiff is ineligible for IFP status, this matter should be dismissed without prejudice for failure to prosecute, unless Plaintiff paid the required $400 filing fee within the objection period. (*Id.* at 5–13.)

In her Objections, Fleming notes that she has filed a Motion to Amend, seeking to correct her pleading deficiencies. (Objs. at 1.) She states that the amended pleading removes all claims that did not occur in this District. (*Id.*) As to the recommendation to deny IFP status, Fleming argues that she is entitled to IFP status because she is in imminent danger of serious physical injury. (*Id.* at 1–2.) Finally, she requests appointment of counsel. (*Id.* at 2.)

## II. DISCUSSION

The district court must conduct a de novo review of a magistrate judge's report and recommendation on dispositive motions to which specific objections have been made. Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b).

As the magistrate judge noted, a person who is unable to pay the filing fees for a civil action in federal court may apply for IFP status. 28 U.S.C. § 1915. However, certain restrictions are placed on prisoners who seek IFP status. Among the restrictions, the statute provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* § 1915(g).

As Magistrate Judge Menendez observed, Plaintiff, who has filed dozens of lawsuits as a federal prisoner, "has incurred more than the necessary number of 'strikes' to run afoul of § 1915(g)." (R&R at 11) (citing *Fleming v. Riehm*, 16-cv-3116 (PJS/SER), 2016 WL 7177605, at *1 (D. Minn. Dec. 9, 2016) ("Since being incarcerated, Fleming has devoted a good part of her time to filing frivolous lawsuits."); *Fleming v. Medicare Freedom of Information Grp.*, No. 1:15-CV-1135 (EGS/GMH), 2018 WL 3549791, at *3 (D.D.C. July 24, 2018) (finding Fleming ineligible for IFP status)); *see also Fleming v. Williams*, 235 F.3d 1341 (5th Cir. 2000) (unpublished table disposition) (finding Fleming ineligible for IFP status as she failed to show that she would raise a nonfrivolous issue on appeal, and

holding that dismissal of the case and dismissal of her appeal "count as two strikes against her for purposes of 28 U.S.C. § 1915(g)."). As such, Fleming is barred from obtaining IFP status unless she is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In her Objections, Fleming argues that she meets the requirement of showing "imminent danger of serious physical injury," asserting that prison sexual abuse and assaults are of a "systemic nature." (Objs. at 1.) She states that "there is proof of a pattern of sexual abuse, nationwide, and similar incidents have occurred against the Plaintiff since she was sexually assaulted at FCI-Waseca." (*Id.* at 2.) Consequently, she contends that it cannot be said that she is not in imminent danger "because of the circumstances that are unchanged in the federal prison against women[.]" (*Id.*)

Fleming raised very similar claims in *Fleming v. Riehm*, No. 16-cv-3116 (PJS/SER), against some of the same defendants. There, too, she argued against the denial of IFP status, claiming that she faced imminent danger of serious physical injury. 2016 WL 7177605, at *1–2. In *Riehm,* Judge Patrick J. Schiltz found that Fleming's claim of a single nationwide plan of prisoner mistreatment was "utterly implausible," and was supported only by Fleming's allegations. *Id.* at *2.

Here, Magistrate Judge Menendez found, to the extent Fleming claims that she faces imminent danger at FCI-Hazelton, where she was incarcerated when she commenced this action, those claims should not have been brought in the same lawsuit as the claims related to events at FCI-Waseca. (R&R at 12) (citing Fed. R. Civ. P. 20). In her Objections, Fleming asserts that her proposed Amended Complaint eliminates all claims that did not

5

occur in this District. (Objs. at 1.) The Court construes those proposed amendments as a lack of objection to Magistrate Judge Menendez's recommendation to dismiss without prejudice all Defendants, except for Lieutenant Riehm and Six Unknown BOP Correctional Officers-Waseca, in their individual capacities. Moreover, the Court notes that since filing this lawsuit, Fleming was apparently transferred to FCI-Tallahassee. Accordingly, as a matter of law and fact, Plaintiff is not under imminent danger based on events occurring at FCI-Hazelton or FCI-Carswell.

Likewise, as to the claims based on events at FCI-Waseca, Fleming has no reason to fear imminent, serious physical injury from Defendants at a facility from which she has long since been absent. Moreover, as noted in the R&R, it is not enough for a plaintiff seeking IFP status to assert a generalized sense of danger. (R&R at 12.) Rather, there must be a nexus between the claims of imminent danger and the claims alleged in the pleading. (*Id.*) (citing *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009); *Fleming*, 2016 WL 7177605, at *2 (D. Minn. Dec. 9, 2016)). While prison sexual assault is a very serious concern, Fleming's generalized claim of a nationwide pattern of sexual abuse fails to provide a sufficient nexus to her claims of imminent danger of serious physical injury in this private action, under these facts. *See Riehm*, 2016 WL 7177605, at *1–2 (finding Fleming's generalized claim of nationwide prisoner mistreatment insufficient to demonstrate an imminent danger of serious physical injury). Accordingly, the Court finds Fleming ineligible for IFP status, and overrules her Objections.

Because Fleming failed to timely pay the civil filing fee within the period of time set by the magistrate judge, this action is dismissed without prejudice for failure to

6

prosecute. Fleming's request for appointment of counsel (*see* Objs. at 2–3) is therefore denied as moot. The Court also agrees with the magistrate judge's recommendations to which Fleming does not expressly object: the denial of Fleming's motion to substitute a party, based on futility, and the dismissal without prejudice of all Defendants except the Waseca Defendants (Lieutenant Riehm and Six Unknown BOP Correctional Officers), in their individual capacities, based on failure to state a claim upon which relief can be granted, sovereign immunity, and/or misjoinder, and the dismissal of her FTCA claim, for several reasons, including improper venue.

The Court notes that a subsequent R&R, dated March 23, 2020 [Doc. No. 70], is pending, and additional motions are also pending. The March 23 R&R recommends that this matter be dismissed without prejudice for failure to prosecute due to Fleming's continued failure to pay the filing fee, and recommends that all other pending motions be denied as moot on account of the dismissal of the action for failure to pay the filing fee. (Mar. 23, 2020 R&R at 5.) By virtue of the instant ruling, all of these remaining filings, including the March 23 R&R, are rendered moot and shall be terminated from the docket.

## III. ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Report & Recommendation dated February 5, 2020 [Doc. No. 58] is **ADOPTED**;

2. Plaintiff's Objections [Doc. No. 66] are **OVERRULED**;

3. Plaintiff's Motion to Substitute a Party [Doc. No. 55] is **DENIED**;

4. All Defendants except Lieutenant Riehm and Six Unknown BOP Correctional Officers-Waseca, in their individual capacities, are **DISMISSED WITHOUT PREJUDICE** from this action;

5. This action is **DISMISSED WITHOUT PREJUDICE**; and

6. All pending motions and the March 23, 2020 R&R [Doc. No. 70] are rendered moot and shall be terminated from the docket.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: March 26, 2020
s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge