# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Rhonda Fleming,<br><br>       Plaintiff,<br><br>v.<br><br>United States Department of Justice,<br>et al.,<br><br>       Defendants. | Case No. 0:19-cv-2713-SRN-KMM<br><br><br>**ORDER** |

Rhonda Fleming, Reg. No. 20446-009, FCI-Tallahassee, P.O. Box 5000, Tallahassee, FL 32314, Pro Se.

Gregory G. Brooker, United States Attorney's Office, 300 S. 4th St., Ste. 600, Minneapolis, MN 55415, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Rhonda Fleming's Motion to Reopen the Case [Doc. No. 76]. For the reasons set forth below, the motion is denied.

On March 26, 2020, the Court dismissed this action without prejudice, and dismissed all defendants except Lieutenant Riehm and Six Unknown BOP Correctional Officers-Waseca. (Mar. 26, 2020 Order [Doc. No. 72] at 7–8.) As noted in the Order, Fleming sought in forma pauperis ("IFP") status, but ran afoul of 28 U.S.C. § 1915(g). (*Id.* at 4–6.) Under § 1915(g), a prisoner is precluded from obtaining IFP status when bringing a civil action or appealing a judgment in a civil action if the prisoner has previously filed three or more civil lawsuits, while incarcerated or detained, that were dismissed as

frivolous, malicious, or for failure to state a claim on which relief may be granted.  (*Id.*) (citing 19 U.S.C. § 1915(g)).  The Court determined that Fleming failed to meet the exception to § 1915(g), which permits a prisoner to avoid the three-strikes rule if the prisoner shows that he or she is under imminent danger of serious physical injury.   (*Id.*) Accordingly, the Court found that Fleming was ineligible for IFP status.  (*Id.* at 6.) Because she had failed to pay the filing fee applicable to civil actions filed in this District, the Court dismissed her lawsuit without prejudice for failure to prosecute.  (*Id.* at 5–6.)

In Fleming's Motion to Reopen the Case, she seeks reconsideration of that ruling in light of the recent death of George Floyd in Minneapolis.  (Mot. to Reopen at 1–2.)  She compares Mr. Floyd's treatment to her own allegedly unlawful treatment in prison by white correctional officers.  (*Id.*)  In her motion, Fleming again requests waiver of the civil filing fee, and seeks referral of alleged sexual assault and hate crimes for prosecution to the Minnesota U.S. Attorney's Office, expedited handling of the proceedings, and any other relief that the Court deems necessary.  (*Id.* at 4.)

As the Court previously stated, Plaintiff has not shown that an exception to § 1915(g) applies, and she has failed to pay the civil filing fee.  While the Court is mindful of the tragic death of Mr. Floyd, his death does not provide a legal basis for  reopening Ms. Fleming's lawsuit and granting the other relief that she requests.

Based on all of the foregoing, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's Motion to Reopen the Case [Doc. No. 76] is **DENIED.**

Dated:  July 27, 2020                                        s/Susan Richard Nelson
                                                                      SUSAN RICHARD NELSON
                                                                      United States District Judge