UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Rhonda Fleming,<br><br>    Plaintiff,<br><br>v.<br><br>United States Department of Justice, et al.,<br><br>    Defendants. | Case No. 0:19-cv-2713-SRN-KMM<br><br>**ORDER** |

Rhonda Fleming, Reg. No. 20446-009, Federal Medical Center - Carswell, P.O. Box 27137 2-North, Fort Worth, TX 76127, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Rhonda Fleming's Third Motion to Reopen the Case. (Third Mot. to Reopen [Doc. No. 82].) For the reasons set forth below, the motion is denied.

I.   BACKGROUND

In December 2018, Plaintiff, a federal inmate, filed this lawsuit against numerous BOP employees, alleging that she experienced or witnessed sexual abuse against inmates at several federal correctional institutions. (Compl. [Doc. No. 1] ¶¶ 9–24.)

On March 26, 2020, the Court dismissed this action without prejudice, and dismissed all defendants except Lieutenant Riehm and Six Unknown BOP Correctional Officers at FCI-Waseca. (Mar. 26, 2020 Order [Doc. No. 72] at 7–8.) As noted in the Order, Fleming sought in forma pauperis ("IFP") status, but ran afoul of 28 U.S.C. §

1915(g). (*Id.* at 4–6.) Under § 1915(g), a prisoner is precluded from obtaining IFP status when bringing a civil action or appealing a judgment in a civil action if the prisoner has previously filed three or more civil lawsuits, while incarcerated or detained, that were dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted. (*Id.*) (citing 19 U.S.C. § 1915(g)). The Court determined that Fleming failed to meet the exception to § 1915(g), which permits a prisoner to avoid the three-strikes rule if the prisoner shows that he or she is under imminent danger of serious physical injury. (*Id.*) Accordingly, the Court found that Fleming was ineligible for IFP status. (*Id.* at 6.) Because she had also failed to pay the filing fee applicable to civil actions filed in this District, the Court dismissed her lawsuit without prejudice for failure to prosecute. (*Id.* at 5–6.)

Ms. Fleming first moved the Court to reopen the case on June 12, 2020 [Doc. No. 76] in light of the death of George Floyd in Minneapolis. She compared Mr. Floyd's treatment to her own allegedly unlawful treatment in prison by white correctional officers. The Court denied her motion. (Order on Motion to Reopen Case [Doc. No. 78].)

On September 19, 2023, Ms. Fleming again moved to reopen the case, this time in light of a putative class action lawsuit filed on behalf of other women at FCI-Dublin, where she was housed at the time. (Second Mot. to Reopen [Doc. No. 79] at 1.) The lawsuit alleged a pattern of sexual abuse, harassment, and retaliation against inmates committed by employees of FCI-Dublin. *Id*. Ms. Fleming stated that after she spoke with the FBI about the lawsuit, one correctional officer threatened her with denial of food, and she feared future retaliation. *Id*. Ms. Fleming argued that this abuse occurred at every BOP facility and was a national problem. She requested that the Court reinstate her IFP status, appoint

2

counsel, allow her to amend her complaint, and transfer venue to the United States District Court for the District of Columbia. *Id*. at 2. On September 22, 2023, the Court denied Ms. Fleming's motion, finding that she had not shown an exception to § 1915(g) applies, and she had failed to pay the civil filing fee. (Order on Second Mot. to Reopen Case [Doc. No. 81] at 1.)

Now, over five years after initially filing this case, Ms. Fleming moves to reopen it a third time. She is currently incarcerated at FMC-Carswell in Fort Worth, Texas. (Pl.'s Third Mot. to Reopen at 1 & Ex. to Mot.) She states that the Court initially dismissed her case without prejudice due to her inability to pay the filing fee. (Pl.'s Third Mot. to Reopen at 1.) She encloses checks with her current filing. (*See* Ex. to Mot.) Ms. Fleming contends that "[t]here is an ongoing investigation of the sexual abuse suffered by the Plaintiff" and that BOP investigators questioned her as recently as May 2025." (Pl.'s Third Mot. to Reopen at 1.)

## II.   DISCUSSION

"Federal Rule of Civil Procedure 60(b) allows a habeas petitioner to seek relief from final judgment and to request the reopening of his case in certain circumstances." *Ward v. Norris*, 577 F.3d 925, 932 (8th Cir. 2009) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 530, 532 (2005) ). Rule 60(b) permits relief for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

3

>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>   (4) the judgment is void;
>
>   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>   (6) any other reason that justifies relief.

Fed. R. Civ. P. 60.  Because Ms. Fleming's Motion to Reopen does not involve any of the specific provisions in Rule 60(b)(1)–(5), she may only obtain relief under the catchall provision, (6), for "any other reason that justifies relief."  However, "relief under rule 60(b)(6) remains an extraordinary remedy for exceptional circumstances." *City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1155 (8th Cir. 2013) (citation omitted).

While there is not a specific time limit on Rule 60(b)(6) motions, they still must be made "within a reasonable time."  Fed. R. Civ. P. 60(c).  For motions based on Rule 60(b)(1), (2), or (3), a "reasonable time" is "no more than a year after the entry of the judgment or order. *Id.* 60(c)(1).  Ms. Fleming's Motion to Reopen is made more than five years after the Court first dismissed this action without prejudice, and more than two years after the Court denied her Second Motion to Reopen.  While the Court appreciates that Ms. Fleming may have needed time to raise or save funds for the civil filing fee, the passage of time here is unreasonably long.  Her Complaint and Proposed Amended Complaint describe events occurring as long as ten years ago. (*See* Compl. ¶ 10; Proposed Am. Compl. [Doc. No. 67] ¶ 7.)  The Court recognizes the serious nature of Ms. Fleming's

4

allegations, but such allegations alone do not create a legal basis for reopening the case, and permitting her to reopen the case ten years after some of the events in question would prejudice Defendants.

Reopening the case at this point would also be futile. Ms. Fleming's March 2020 Proposed Amended Complaint raised claims against the United States arising under the Federal Tort Claims Act. The statute of limitations for such claims has expired, *see* 28 U.S.C. § 2401, and permitting Ms. Fleming to reopen her case now would result in dismissal. She cannot use Rule 60(b)(6) as a means of circumventing the statute of limitations. Moreover, if she were permitted to reopen her case and the Court dismissed it, she would lose her civil filing fee.

For all of these reasons, the Court denies Ms. Fleming's Third Motion to Reopen. The Clerk of Court has returned the checks she submitted to pay the filing fee, and they were not deposited.

Based on all of the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Third Motion to Reopen the Case [Doc. No. 82] is **DENIED.**

Dated:  December 10, 2025                    s/Susan Richard Nelson
                                             SUSAN RICHARD NELSON
                                             United States District Judge